UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIK BECERRA,<br><br>            Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Case No. 16-cv-595 (WMW/SER)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the court on the motion by the United States of America to change venue to the Western District of Missouri. ECF No. 4. On March 3, 2016, Becerra filed a "Motion for Habeaus [sic] Corpus Relief and Motion for Bond Hearing." ECF No. 1. On June 8, 2016, the Court noted the ambiguity in Becerra's filing, interpreted it as a habeas petition under 28 U.S.C. § 2241 and ordered the Government to answer the petition and provided Becerra the opportunity to respond. ECF No. 3. The U.S. filed its Motion to Change Venue on June 14, 2016. ECF No. 4. Becerra was ordered to reply by July 26, 2016. ECF No. 5. Becerra has not filed a reply as of the date of this Report and Recommendation.[1]

The Court agrees with the Government that the proper venue for Becerra's petition is in the Western District of Missouri. Becerra is in federal custody at the Federal Medical Center in Springfield, Missouri awaiting trial in a pending criminal case in this District before District Judge Susan Richard Nelson and Magistrate Judge Franklin Noel, *United States v. Becerra,* Case

---

[1] Becerra has also not yet filed an application to proceed *in forma pauperis* or paid the $5 filing fee for the case.

Number 15-cr-187 (D. Minn.).  The Federal Medical Center in Springfield where Becerra is currently confined is in the Western District of Missouri.  As a habeas corpus petition under 28 U.S.C. § 2241, Becerra should have filed his petition in the district court where he is being held.  *See* 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.  The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had."); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).  Accordingly, the Court recommends that this action be transferred to the United States District Court for the Western District of Missouri for further consideration by that court.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Based on the foregoing, and on all of the files, records, and proceedings herein, it is recommended that the Motion to Change Venue (ECF No. 4) by the United States of America be GRANTED and IT IS HEREBY RECOMMENDED that this action be TRANSFERRED to the United States District Court for the Western District of Missouri.

Dated:  August 9, 2016              *s/Steven E. Rau*_____
                                    STEVEN E. RAU
                                    United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed